UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PLEASANT SEA VIEW, INC,
D/B/A CERTIFIED SALES,
Plaintiff,

v.

BLACKADAR MARINE INSURANCE
AGENCY, INC.,
Defendant.

CA 05 281 ML

CIVIL ACTION NO.

**COMPLAINT**

NOW COMES plaintiff, Pleasant Sea View, Inc., d/b/a Certified Sales, by and through its attorney, complaining of the above-named defendant, alleges as follows upon information and belief:

<u>Jurisdiction and Venue</u>

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) in that the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states of the United States of America. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(a).

<u>The Parties</u>

2. Plaintiff, Pleasant Sea View, Inc., d/b/a Certified Sales, is a corporation duly organized and existing under the laws of the State of Rhode Island, with its principal place of business located at 1-2 Bay Avenue Warwick, Rhode Island 02886 (hereinafter referred to as "Certified Sales"). At all relevant times hereto, Certified Sales was engaged, in pertinent part, in the sale and/or brokerage of used and/or salvaged recreational vessels and yachts.

3. Defendant, Blackadar Marine Insurance Agency, Inc., is a corporation duly organized and existing under the laws of the State of New Hampshire, with its principal place of business161 Main Avenue, Post Office Box 250, South Hampton, New Hampshire 03827. (hereinafter referred to as "Blackadar"). At all relevant times hereto, Blackadar was doing business in the State of Rhode Island as an insurance agent and/or broker of marine and related business insurance, including boat dealer's liability and property insurance.

Factual Allegations

4. At all times relevant hereto, Certified Sales purchased its marine and business insurance policies through Blackadar, who was plaintiff's sole and exclusive agent and broker for such insurance.

5. Blackadar agreed orally with Certified Sales, that in consideration of plaintiff's insurance business, both past and future, and in further consideration of the fees and/or commissions to be received by defendant for procuring the aforesaid insurance, to procure and maintain proper and adequate liability and property insurance, including sufficient coverage to protect its inventory.

6. Certified Sales authorized Blackadar to use its discretion; sound business judgment; skill, care and diligence in selecting the types, forms and amounts of said insurance, with the only proviso being the mutually understood requirement that plaintiff be fully and completely covered from and for the risks associated with its business, including the boat dealership.

7. On or about August 2, 2002, Blackadar, acting as Certified Sales' agent and broker, obtained a certain policy of insurance (No. OMH870-25-27) from the Great American Insurance Companies (hereinafter referred to as "Company"), with coverage, in pertinent part, for plaintiff's boat dealership inventory at its Warwick, Rhode Island facility in the aggregate amount of $300,000.00, the Policy remaining in effect until August 3, 2003 (hereinafter referred to as "Policy").

8. During the ensuing policy year, Certified Sales purchased in its own name and/or acquired certain yachts on consignment for re-sale, including the following three (3) vessels: a 62-foot Sunseeker motor yacht; a 48-foot Ocean motor yacht; and a 45-foot Nelson Merek design sailboat (hereinafter collectively referred to as "Vessels").

9. In early January of 2003, Certified Sales contacted Blackadar to discuss the acquisition of the larger, more valuable motor yachts, to wit: the 62-foot Sunseeker and 48-foot Ocean, and the need for additional insurance to fully protect these vessels in the event of damage or loss.

10. Blackadar agreed to procure additional insurance, and thereafter issued, as authorized representative of the Company, two (2) insurance binders for the vessels in question, copies of which are attached hereto and marked as **Exhibit A and B** respectively (hereinafter referred to as "Binders").

11. On July 2, 2003, a fire occurred at Certified Sales' Warwick, Rhode Island premises which destroyed and/or damaged the Vessels in the aggregate sum of $491,125.25, as nearly as can now be estimated.

12. Certified Sales promptly notified Blackadar of the fire and loss, and requested defendant to notify the Company to enable plaintiff to submit a claim for the loss.

13. Shortly thereafter, Blackadar notified Certified Sales that the 62-foot Sunseeker and 48-foot Ocean motor yachts were not fully covered by insurance, and the total limit of coverage for damage to and/or loss of its inventory at the Warwick, Rhode Island facility remained at the original policy limit of $300,000.00.

14. Neither Blackadar nor the Company delivered Policy endorsements to Certified Sales in connection with the Binders until after the fire loss.

15. Subsequently, Certified Sales filed a claim through Blackadar with the Company in the total amount of $514,444.60 which represented claims for property loss and/or damage to the Vessels under its boat dealer form and third-party liabilities and incidental expenses under its marina operator's liability form.

16. On or about September 18, 2003, Certified Sales received the sum of $316,492.50 from the Company which represented, in pertinent part, the $300,000.00 policy limit under the aforesaid boat dealer's policy for loss and/or damage to plaintiff's inventory at its Rhode Island location.

<u>Cause of Action</u>
(Count I - Breach of Contract)

17. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 16 above with the same force and effect as if set forth at length herein.

18. As the agent and broker for Certified Sales, Blackadar was obliged to exercise skill, care and diligence in performing its duties on behalf of plaintiff.

19. Blackadar breached its agreement with Certified Sales by failing to procure additional insurance to fully cover the vessels in question, to wit: 62-foot Sunseeker and 48-foot Ocean motor yachts, in the event of damage and/or loss.

20. As a direct and proximate result of Blackadar's breach of contract, Certified Sales sustained uninsured damages in the amount of $191,125.25, as nearly as can now be estimated.

21. Plaintiff has performed all conditions on its part to be performed, including the payment of premiums, and at all times had been ready, willing and able to pay additional premiums to the Company for additional insurance.

Cause of Action
(Count II - Negligence)

22. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 21 above with the same force and effect as if set forth at length herein.

23. Blackadar, as the agent and broker for the Policy, had a duty to procure insurance according to the needs and instructions of Certified Sales.

24. Blackadar's failure to procure additional insurance to fully cover the newly acquired vessels in question, to wit: 62-foot Sunseeker and 48-foot Ocean motor yachts, in the event of damage and/or loss, or otherwise by failing to inquire, review and adjust plaintiff's insurance based upon the value of plaintiff's inventory, was negligence.

25. As a direct and proximate result of Blackadar's negligence, Certified Sales sustained uninsured damages in the amount of $191,125.25, as nearly as can now be estimated.

Cause of Action
(Count III - Equity/Breach of Fiduciary Duty)

26. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 25 above with the same force and effect as if set forth at length herein.

27. At all times relevant hereto, Blackadar was a fiduciary of Certified Sales in that defendant held itself out to the public and represented to plaintiff that it was an expert in insurance matters, and Certified Sales placed complete confidence in defendant, and relied exclusively upon it to formulate an insurance program sufficient to protect it against property loss and/or damage that it might incur in the conduct of its business.

28. At all times relevant hereto, Blackadar agreed and represented to Certified Sales that it would formulate an insurance program and cause the necessary policy or policies to be written and issued in types, forms and amounts sufficient to give plaintiff full protection against risks, including, among others, property loss and/or damage associated with its boat dealership.

29. At all times relevant hereto, Blackadar knew that Certified Sales was relying on defendant to procure adequate insurance, and that plaintiff's officers and employees were unlearned in insurance matters.

30. At all times relevant hereto, Blackadar agreed to procure insurance suitable to plaintiff's needs, and for several years, Certified procured its insurance through Blackadar, and defendant knew or should have known the amounts of coverage necessary to fully protect plaintiff's inventory in the event of damage or loss.

31. At all times relevant hereto, Blackadar represented to Certified Sales that its insurance provided plaintiff with sufficient coverage for property loss and/or damage.

32. At all times relevant hereto, Certified Sales relied upon Blackadar's assurances and was led to believe that the Policy, as amended in January of 2003, satisfied all of its insurance requirements, providing coverage necessary to fully protect plaintiff's inventory in the event of damage or loss.

33. By virtue of the relationship existing between Blackadar and Certified Sales, defendant owed a fiduciary duty to plaintiff, which was breached (i) by failing to procure additional insurance to fully cover the newly acquired vessels in question, to wit: 62-foot Sunseeker and 48-foot Ocean motor yachts, in the event of damage and/or loss; (ii) by failing to inform plaintiff of the limited nature and effect of the Binders and subsequent Policy endorsement(s), vis-à-vis the amount of coverage available in the event of damage or loss to plaintiff's inventory, including the Vessels; and (iii) otherwise by failing to inquire, review and adjust plaintiff's insurance based upon the value of plaintiff's inventory.

34. As a direct and proximate result of Blackadar's breach of fiduciary duty, Certified Sales sustained uninsured damages in the amount of $191,125.25, as nearly as can now be estimated.

WHEREFORE, plaintiff, Certified Sales, Inc., demands that judgment enter in its favor against defendant, Blackadar Marine Insurance Agency, Inc., in the amount of its liquidated and unliquidated damages, together with interest on such amounts as allowed by law, costs of suit, and reasonable attorneys' fees, and such other and further relief as this Honorable Court deems just and proper.

Pursuant to the provisions of Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all issues so triable.

Dated: June 29, 2005

PLEASANT SEA VIEW, INC.,
D/B/A CERTIFIED SALES,
By its attorney,

Norman A. Peloquin, II, Esquire
(RI Bar No. 4146)
NORMAN A. PELOQUIN, II P.C.
16 Main Road, Post Office Box 65
Adamsville, RI 02801
Tel (401) 635 9100
Fax (401) 635 0101

**EXHIBIT A**

03 394 7056 P. 2

# ACORD INSURANCE BINDER

THIS BINDER IS A TEMPORARY INSURANCE CONTRACT, SUBJECT TO THE CONDITIONS SHOWN ON THE REVERSE SIDE OF THIS FORM.

DATE (MM/DD/YY): JAN 16 03

PRODUCER: PHONE (A/C, No, Ext): 603-394-7005
BLACKADAR MARINE INSURANCE AGENCY INC
P O BOX 290
SOUTH HAMPTON NH 03827
PHONE: 603-394-7008
FAX: 603-394-7056

COMPANY: GREAT AMERICAN INSURANCE COMPANY

BINDER #: 387

EFFECTIVE DATE: JAN 16 03 — TIME: AM / PM
EXPIRATION DATE: AUG 3 03 — TIME: X 12:01 AM / NOON

CODE: SUB CODE:
AGENCY CUSTOMER ID: 1586

THIS BINDER IS ISSUED TO EXTEND COVERAGE IN THE ABOVE NAMED COMPANY PER EXPIRING POLICY #:

INSURED:
CERTIFIED SALES
DBA PLEASANT SEA VIEW, INC.
19 UXBRIDGE RD
MENDON MA 01756

DESCRIPTION OF OPERATIONS/VEHICLES/PROPERTY (Including Location):
2000 58' SUNSEEKER VALUED AT $330,000
BEING TRANSPORTED FROM NY TO RI VIA WATER

## COVERAGES

| TYPE OF INSURANCE | COVERAGE/FORMS | DEDUCTIBLE | COINS % | LIMITS / AMOUNT |
|---|---|---|---|---|
| PROPERTY — CAUSES OF LOSS: [ ] BASIC [ ] BROAD [ ] SPEC.; [X] HULL | | $1,000 | | $330,000 |
| GENERAL LIABILITY: [ ] COMMERCIAL GENERAL LIABILITY; [ ] CLAIMS MADE [ ] OCCUR. | RETRO DATE FOR CLAIMS MADE: | | | EACH OCCURRENCE $; DAMAGE TO RENTED PREMISES $; MEDICAL EXPENSE (Any one person) $; PERSONAL & ADV INJURY $; GENERAL AGGREGATE $; PRODUCTS - COMP/OP AGG $ |
| AUTOMOBILE LIABILITY: [ ] ANY AUTO; [ ] ALL OWNED AUTOS; [ ] SCHEDULED AUTOS; [ ] HIRED AUTOS; [ ] NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT $; BODILY INJURY (Per person) $; BODILY INJURY (Per accident) $; PROPERTY DAMAGE $; MEDICAL PAYMENTS $; PERSONAL INJURY PROT $; UNINSURED MOTORIST $ |
| AUTO PHYSICAL DAMAGE: DEDUCTIBLE; COLLISION:; OTHER THAN COLL: | [ ] ALL VEHICLES [ ] SCHEDULED VEHICLES | | | [ ] ACTUAL CASH VALUE; [ ] STATED AMOUNT $; [ ] OTHER |
| GARAGE LIABILITY: [ ] ANY AUTO | | | | AUTO ONLY - EA ACCIDENT $; OTHER THAN AUTO ONLY: EACH ACCIDENT $; AGGREGATE $ |
| EXCESS LIABILITY: [ ] UMBRELLA FORM; [ ] OTHER THAN UMBRELLA FORM | RETRO DATE FOR CLAIMS MADE: | | | EACH OCCURRENCE $; AGGREGATE $; SELF-INSURED RETENTION $ |
| WORKER'S COMPENSATION AND EMPLOYER'S LIABILITY | | | | WC STATUTORY LIMITS; E.L. EACH ACCIDENT $; E.L. DISEASE - EACH EMPLOYEE $; E.L. DISEASE - POLICY LIMIT $ |
| SPECIAL CONDITIONS/ OTHER COVERAGES | | | | FEES $; TAXES $; ESTIMATED TOTAL PREMIUM $ |

## NAME & ADDRESS

Hometown Bank
31 Sutton Avenue
Oxford, MA 01540

[ ] MORTGAGEE [ ] ADDITIONAL INSURED
[X] LOSS PAYEE
LOAN #

ATTENTION:

AUTHORIZED REPRESENTATIVE: Morton J. Blackadar

ACORD 75-S (2001/01)

NOTE: IMPORTANT STATE INFORMATION ON REVERSE SIDE

© ACORD CORPORATION 1993

**EXHIBIT B**

# ACORD INSURANCE BINDER

DATE (MM/DD/YY): JAN 17 03

THIS BINDER IS A TEMPORARY INSURANCE CONTRACT, SUBJECT TO THE CONDITIONS SHOWN ON THE REVERSE SIDE OF THIS FORM.

| | |
|---|---|
| PRODUCER: 603-394-7008<br>BL GARDNER MARINE INSURANCE AGENCY INC<br>P O BOX 2[illegible]<br>SOUTH HAMPTON NH 03827<br>PHONE: 603-394-7006<br>FAX: 603-394-7056 | COMPANY: GREAT AMERICAN INSURANCE COMPANY — BINDER #: 989 |
| CODE: — SUB CODE: | EFFECTIVE DATE: JAN 16 03 — TIME: AM / PM — EXPIRATION DATE: AUG 3 03 — TIME: X 12:01 AM / NOON |
| | THIS BINDER IS ISSUED TO EXTEND COVERAGE IN THE ABOVE NAMED COMPANY PER EXPIRING POLICY #: |
| INSURED:<br>CERTIFIED SALES<br>DBA PLEASANT SEA VIEW, INC.<br>19 UXBRIDGE RD<br>MENDON MA 01756 | DESCRIPTION OF OPERATIONS/VEHICLES/PROPERTY (Including Location)<br>1988 48' OCEAN SUPERSPORT<br>WARWICK, RI LOCATION<br>POLICY OMH 8702527 |

## COVERAGES

| TYPE OF INSURANCE | COVERAGE/FORMS | LIMITS | DEDUCTIBLE | COINS % | AMOUNT |
|---|---|---|---|---|---|
| PROPERTY — CAUSES OF LOSS: BASIC / BROAD / SPEC.; X HULL | | | $1,000 | | 283000 |
| GENERAL LIABILITY — COMMERCIAL GENERAL LIABILITY; CLAIMS MADE / OCCUR.; RETRO DATE FOR CLAIMS MADE: | | EACH OCCURRENCE | | | $ |
| | | DAMAGE TO RENTED PREMISES | | | $ |
| | | MEDICAL EXPENSE (Any one person) | | | $ |
| | | PERSONAL & ADV INJURY | | | $ |
| | | GENERAL AGGREGATE | | | $ |
| | | PRODUCTS - COMP/OP AGG | | | $ |
| AUTOMOBILE LIABILITY — ANY AUTO; ALL OWNED AUTOS; SCHEDULED AUTOS; HIRED AUTOS; NON-OWNED AUTOS | | COMBINED SINGLE LIMIT | | | $ |
| | | BODILY INJURY (Per person) | | | $ |
| | | BODILY INJURY (Per accident) | | | $ |
| | | PROPERTY DAMAGE | | | $ |
| | | MEDICAL PAYMENTS | | | $ |
| | | PERSONAL INJURY PROT | | | $ |
| | | UNINSURED MOTORIST | | | $ |
| AUTO PHYSICAL DAMAGE — DEDUCTIBLE: COLLISION: / OTHER THAN COLL: | ALL VEHICLES / SCHEDULED VEHICLES | ACTUAL CASH VALUE | | | |
| | | STATED AMOUNT | | | $ |
| | | OTHER | | | |
| GARAGE LIABILITY — ANY AUTO | | AUTO ONLY - EA ACCIDENT | | | $ |
| | | OTHER THAN AUTO ONLY: EACH ACCIDENT | | | $ |
| | | AGGREGATE | | | $ |
| EXCESS LIABILITY — UMBRELLA FORM; OTHER THAN UMBRELLA FORM | RETRO DATE FOR CLAIMS MADE: | EACH OCCURRENCE | | | $ |
| | | AGGREGATE | | | $ |
| | | SELF-INSURED RETENTION | | | $ |
| WORKER'S COMPENSATION AND EMPLOYER'S LIABILITY | | WC STATUTORY LIMITS | | | |
| | | E.L. EACH ACCIDENT | | | $ |
| | | E.L. DISEASE - EACH EMPLOYEE | | | $ |
| | | E.L. DISEASE - POLICY LIMIT | | | $ |
| SPECIAL CONDITIONS/OTHER COVERAGES | | FEES | | | $ |
| | | TAXES | | | $ |
| | | ESTIMATED TOTAL PREMIUM | | | $ |

## NAME & ADDRESS

| | |
|---|---|
| Hometown Bank<br>37 Sutton Avenue<br>Oxford, MA 01540<br>ATTENTION: | MORTGAGEE / X LOSS PAYEE / ADDITIONAL INSURED<br>LOAN #<br>AUTHORIZED REPRESENTATIVE: [signature] |

 NOTE: IMPORTANT STATE INFORMATION ON REVERSE SIDE © ACORD CORPORATION 1993