**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PLEASANT SEA VIEW, INC.,<br>D/B/A CERTIFIED SALES<br><br>Plaintiff<br>v.<br><br>BLACKADAR MARINE INSURANCE<br>AGENCY, INC.<br><br>Defendant | ) | Civil Action<br>No. 05-CV-281 ML |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendant Blackadar Marine Insurance Agency, Inc., by and through its counsel, Goldenberg & Muri LLP and Tompkins, Clough, Hirshon & Langer, P.A., and answers Plaintiff's Complaint as follows:

1. Defendant denies that it owes Plaintiff any sum in this matter. Defendant admits, however, that based upon the allegations of Plaintiff's Complaint, the Court has subject matter jurisdiction, and that venue is appropriate pursuant to 28 U.S.C. §1391(a)(2). Defendant denies the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiff's Complaint and therefore denies same.

3. Defendant admits that it is a corporation duly organized and existing pursuant to the laws of the State of New Hampshire, with its principal place of business at 161 Main

Avenue, P.O. Box 250, South Hampton, New Hampshire. Defendant denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits that Great American Insurance Company issued Marina Operators Liability Insurance Policy No. OMH 870-25-27 to Plaintiff for the policy period August 3, 2002 to August 3, 2003 (the "Policy"). Defendant further admits, upon information and belief, that the Policy was in effect until August 3, 2003, and provided coverage of up to $300,000 for vessels located at Plaintiff's premises located at 1-2 Bay Rd., Warwick, R.I. The remaining portion of Paragraph 7 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of Plaintiff's Complaint and therefore denies same.

9. Defendant admits that, in January, 2003, Plaintiff notified Defendant that Plaintiff was transporting a 58 foot Sunseeker motor yacht to its Warwick, R.I. facility, and sought coverage for the trip. Defendant further admits that in January, 2003, Plaintiff notified Defendant that, in June, 2001, it had moved a 1988 48 foot Ocean Supersport to its

Warwick, R.I. facility, and that Plaintiff needed to add a loss payee to the subject Policy for the 48 foot Ocean Supersport. By way of further answer, Defendant states that Defendant notified Great American Insurance Company of Plaintiff's requests, and that appropriate endorsements to the Policy were issued and forwarded to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits that it procured the coverage requested by Plaintiff and issued the binders that are attached to Plaintiff's Complaint as Exhibits A and B.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of Plaintiff's Complaint and therefore denies same.

12. Defendant admits that it was notified of a fire at Plaintiff's Warwick facility on or about July 3, 2003, and that Defendant immediately notified Great American Insurance Company of the claim. Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits that it notified Plaintiff that the Policy did not provide complete coverage for the loss claimed by Plaintiff, and that the Policy's limit for the type of loss claimed by Plaintiff was $300,000, a fact of which Plaintiff was fully aware.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant admits that, on or about September 5, 2003, Plaintiff forwarded a letter to Great American Insurance Company seeking recovery pursuant to the Policy for, *inter alia*, damages to the "62 [foot] Sunseeker motor vessel" and the "48 [foot] Ocean motor vessel" in the total amount of $299,000. By way of further answer, Defendant states that,

upon information and belief, on or about September 15, 2003, Great American Insurance Company paid Plaintiff for the loss to the "62 [foot] Sunseeker motor vessel" and the "48 [foot] Ocean motor vessel" pursuant to the terms of the Policy. Defendant denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant admits, upon information and belief, that on or about September 15, 2003, Great American Insurance Company forwarded a check to Plaintiff in the amount of $316,492.50 for damages arising out of the fire on or about July 2, 2003, which included damage to the "62 [foot] Sunseeker motor vessel" and the "48 [foot] Ocean motor vessel". Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 of Plaintiff's Complaint and therefore denies same.

COUNT I

17. Defendant repeats and restates its answers to Paragraphs 1 through 16, inclusive, above, of Plaintiff's Complaint with the same force and effect as if more fully set forth herein.

18. Paragraph 18 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant states that it satisfied whatever obligations it had to Plaintiff with the requisite skill, care and diligence.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

COUNT II

22. Defendant repeats and restates its answers to Paragraphs 1 through 21, inclusive, above, of Plaintiff's Complaint with the same force and effect as if more fully set forth herein.

23. Paragraph 23 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant states that it procured the insurance which Plaintiff requested. Defendant denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

COUNT III

26. Defendant repeats and restates its answers to Paragraphs 1 through 25, inclusive, above, of Plaintiff's Complaint with the same force and effect as if more fully set forth herein.

27. Paragraph 27 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant admits that it procured the insurance coverage requested by Plaintiff, and provided Plaintiff with notice of such coverage. Defendant denies the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

WHEREFORE, Defendant Blackadar Marine Insurance Agency, Inc. demands that all counts of Plaintiff's Complaint be dismissed with prejudice and that Defendant be awarded its costs, including attorneys fees, and such other and further relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

1. Each count of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's damages, if any, were caused in whole, or in part, by its own negligence.

3. Plaintiff is estopped from alleging any breach of duty by Defendant due to Plaintiff's own breach of duty.

4. Plaintiff is not entitled to any recovery due to the failure of and/or lack of consideration.

5. Defendant reserves the right to state any additional affirmative defenses that may become known during discovery.

WHEREFORE, Defendant Blackadar Marine Insurance Agency, Inc. demands that Plaintiff's Complaint be dismissed with prejudice, that Defendant Blackadar Marine Insurance Agency, Inc. be awarded its costs, including attorneys fees, and such other and further relief as this Court deems just and equitable.

DATED: July 18, 2005.

BLACKADAR MARINE INSURANCE AGENCY, INC.

By its attorneys,

Barbara S. Cohen

Barbara S. Cohen (2848)
Goldenberg & Muri LLP
Ten Weybosset Street
Providence, RI 02903
Tel: 401-421-7300
Fax: 401-421-7352

Of Counsel:

Leonard W. Langer, Esq.
Tompkins, Clough, Hirshon
& Langer, P. A.
Three Canal Plaza
P. O. Box 15060
Portland, ME 04112-5060
Tel: 207-874-6700
Fax: 207-874-6705 (fax)

**CERTIFICATE OF SERVICE**

I, Barbara S. Cohen, Esq., hereby certify pursuant to Rule 5, F.R.Civ.P., that on July 18, 2005, I caused to be mailed by First Class Mail, postage prepaid, a true copy of the Defendant Blackadar Marine Insurance Agency, Inc.'s Answer and Affirmative Defenses to Norman A. Peloquin, II, Esq., 16 Main Road, P.O. Box. 65, Adamsville, RI 02801.

Barbara S. Cohen
Barbara S. Cohen, Esq.

Blackadar/Cert. Sales
Ans & Affm Def.
7.18.05