# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PLEASANT SEA VIEW, INC.,<br>D/B/A CERTIFIED SALES<br><br>Plaintiff<br>v.<br><br>BLACKADAR MARINE INSURANCE<br>AGENCY, INC.<br><br>Defendant | ) | Civil Action<br>No. 05-CV-281 ML |

## DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF

Defendant Blackadar Marine Insurance Agency, Inc. ("BMIA"), by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A. and Goldenberg & Muri LLP, and pursuant to Rule 34, F.R.Civ.P., hereby requests that Plaintiff Pleasant Sea View, Inc., d/b/a Certified Sales, produce for inspection and copying at the offices of Tompkins, Clough, Hirshon & Langer, Three Canal Plaza, Portland, Maine, on Firday, April 14, 2005, at 10:00 A.M. the documents hereinafter requested.

## DEFINITIONS

A. "Relate To" is used in its most comprehensive sense and includes not only documents which contain, or in which explicit reference is made to, the subject of the inquiry, but also documents in which the subject matter is in any way considered or in which other documents or conversations bearing on the subject are considered.

B. "Document or Documents" means any written, recorded, filmed or graphic matter, whether produced or reproduced or on paper, cards, tapes, film, electronic facsimile, computer storing devices or any other media, including, but not limited to, papers, books,

EXHIBIT
tabbies
B

letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, records, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or other meetings, affidavits, statements, charts, graphs, specifications, drawings, blueprints, summaries, opinions, proposals, reports, studies, analyses, audits, evaluations, contracts, agreements, journals, statistical records, ledgers, books of account, bookkeeper entries, financial statements, tax returns, vouchers, checks, check stubs, invoices, receipts, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing reports and output, microfilms, all records kept by electronic, photographic or mechanical means, and all things similar to any of the foregoing however denominated. Different versions of the same document (e.g. copies of a printed document with different handwritten notations and superseded drafts) are different documents within the meaning of the term as used herein.

C. "Communication" refers to any transmittal of information or request for information, by document, or otherwise, and includes any conversation in person, by telephone or by any other means.

D. "Parties". The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

E. "Person". The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

F. "Concerning". The term "concerning" means referring to, describing, evidencing, or constituting.

G. If privilege is claimed with regard to any of the documents sought herein, please furnish the following information with regard to the claim:

i. the precise nature of the privilege claimed;

ii. the reasons for claiming the privilege;

iii. please identify each document by general title or description, date of creation, or acquisition, and the author; and

iv. if the claim of privilege relates to information obtained from a client, informant or witness, please identify the client, informant or witness by full name, home address and business address.

**REQUESTS**

1. All telephone and telefax records for Plaintiff's business located at Warwick, RI and Mendon, MA for the periods August 15-17, 2002, and January 14-19, 2003.

2. Any and all documents supporting Plaintiff's allegation that Brian Bethel, or some other individual at Pleasant Sea View, Inc., d/b/a Certified Sales, Inc., sent a telefax to Blackadar Marine Insurance Agency, Inc. on August 16, 2002.

3. All checks, wire transfer receipts, or other evidence of payment of $65,000, or any other sum, by Plaintiff to Markel Insurance Company and/or Markel American Insurance Company, or any other person or entity, relating to the Nelson Marek following the fire on July 2, 2003.

4. Any and all documents reflecting payments received by Plaintiff from Consolitech, or any other person or entity, relating to the Sunseeker or its skiff following the fire on July 2, 2003.

5. Any and all documents regarding the engines removed from the Sunseeker prior to the sale of the vessel to Consolitech, or any other person or entity, on or about April 21, 2004.

6. Any and all documents reflecting payments received by Plaintiff for the 48' Ocean following the fire on July 2, 2003.

7. Any and all documents reflecting the transfer of title of the 48' Ocean following the fire on July 2, 2003.

8. A complete inventory of vessels, including a description of the vessel, the owner of the vessel, and the vessel's value, located at Plaintiff's place of business in Warwick, RI on July 2, 2003.

9. A complete inventory of vessels, including a description of the vessel, the owner of the vessel, and the vessel's value, located at Plaintiff's place of business in Warwick, RI during the period January 15-18, 2003.

10. A complete inventory of vessels, including a description of the vessel, the owner of the vessel, and the vessel's value, located at Plaintiff's place of business in Warwick, RI on July 21-23, 2002.

11. A complete inventory of vessels, including a description of the vessel, the owner of the vessel, and the vessel's value, located at Plaintiff's place of business in Warwick, RI on June 29, 2001.

12. Any and all documents relating to a loan from Robert and Michelle Bethel to Plaintiff in or about July, 2000.

13. Any and all documents relating to Plaintiff's repayment of a loan from Robert and Michelle Bethel to Plaintiff in or about July, 2000.

14. Any and all documents relating to an alleged telephone call from Brian Bethel or Matthew Sosik of Hometown Bank to Blackadar Marine Insurance Agency, Inc. on or about January 17, 2003.

15. Any and all documents relating to the consignment of the Nelson Marek to Plaintiff by Markel Insurance Company and/or Markel American Insurance Company, or any other person or entity.

Dated: March 14, 2006.

BLACKADAR MARINE INSURANCE AGENCY, INC.

By its Counsel:

/s/ Leonard W. Langer, Esq.

Tompkins, Clough, Hirshon
& Langer, P. A.
Three Canal Plaza
P. O. Box 15060
Portland, ME 04112-5060
Tel: 207-874-6700
Fax: 207-874-6705
lwlanger@tchl.com

/s/ Barbara S. Cohen, Esq. (2848)

Goldenberg & Muri LLP
Ten Weybosset Street
Providence, RI 02903
Tel: 401-421-7300
Fax: 401-421-7352
bsc@goldenberg-muri.com

**CERTIFICATE OF SERVICE**

I, Leonard W. Langer, hereby certify that on March 14, 2006, I served the within document by electronically mailing and mailing by First Class Mail, postage prepaid, a copy of the within document to Norman A. Peloquin II, Esq., Saunders & Saunders LLP, Bank of America Building, 700 Pleasant St., 5th Fl., New Bedford, MA 02740, counsel for Plaintiff.

/s/ Leonard W. Langer

Blackadar/Cert. Sales
BMIA 2nd RFPD to Plt